UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ARIES WILLIAMS, | Civil No. 17-564 (JRT/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |
| ON-BELAY OF MINNESOTA, INC., | |
| Defendant. | |

---

Jennie M. Brown, **BROWN LAW OFFICE**, 17905 Cascade Drive, Eden Prairie, MN 55347, for plaintiff.

Barry A. O'Neil, **LOMMEN ABDO, PA**, 1000 International Centre, 920 Second Avenue South, Minneapolis, MN 55402, for defendant.

Alleging that she was fired because of her Christian beliefs, Plaintiff Aries Williams ("Williams") brings this wrongful termination case against Defendant On-Belay of Minnesota, Inc. ("On-Belay"). Williams filed a state-court action under both the federal Civil Rights Act and the Minnesota Human Rights Act ("MHRA"), and On-Belay removed the case to federal court. Now, On-Belay moves to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), contending that the claims are time-barred under Minnesota state law, and under Rule 12(b)(2) or 12(b)(5), contending that service of process was inadequate.

Considering all facts alleged in the complaint as true, Williams did not properly serve On-Belay as required by Minnesota law prior to the expiration of the statute of limitations for her federal-law claim. Because that claim would be time-barred had this

case remained in state court, it must be dismissed with prejudice in federal court. But it is unclear whether the state-law claim would be similarly barred. Accordingly, the Court will grant On-Belay's motion to dismiss the federal claim and remand the remaining state-law claim to state court pursuant to 28 U.S.C. § 1367(c)(3).

## BACKGROUND

### I. UNDERLYING EVENTS

In November 2014, Williams was hired by On-Belay as a drug and alcohol counselor. (Compl. ¶ 6, Feb. 23, 2017, Docket No. 1-1; Ans. ¶ 6, Feb. 27, 2017, Docket No. 4.) On-Belay operates substance-abuse rehabilitation centers in Blaine, Burnsville, Eden Prairie, Plymouth, and Woodbury. (Decl. of Melissa Brogger ("Brogger Decl.") ¶ 3, Apr. 21, 2017, Docket No. 17.) Its Executive Director is Melissa Brogger. (*Id.* ¶ 1.)

On December 16, 2014, Williams met with Brogger. (Compl. ¶ 7, 10; Ans. ¶ 7, 10.) The nature of that meeting is in dispute. Williams alleges that Brogger asked her to travel from the Burnsville facility to Brogger's Plymouth office for the meeting. (Compl. ¶ 7). According to Williams, soon after she arrived for the meeting, Brogger asked Williams how she felt about the music. (*Id.* ¶ 11.) Williams says that she told Brogger that "she did not prefer the music because she was a Christian and the lyrics were about taking drugs [and] getting high." (*Id.*) Williams alleges that the meeting ended as soon as she said that she was a Christian and preferred Christian music. (*Id.* ¶ 12.) On-Belay denies these allegations. (Ans. ¶ 10.) Williams was later told that she was terminated due to her job performance. (Compl. ¶ 13; Ans. ¶ 11.)

## II. PROCEDURAL HISTORY

On July 10, 2015, Williams filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act. In her complaint, Williams stated: "I was treated differently and less favorably than my coworkers because of my religion/Christian. I opposed the differential treatment. I was discharged after I disclosed my religion to the respondent." (Decl. of Michael N. Leonard ("Leonard Decl.") ¶ 2, Ex. A at 1, Apr. 21, 2017, Docket No. 18.)

On August 31, 2016, the EEOC closed its investigation and issued a right-to-sue letter. (Leonard Decl. ¶ 2, Ex. C at 1.) On-Belay's counsel received a courtesy copy of the letter the next day. (*Id.*) Williams did not receive her copy of the letter in the mail because she had used her attorney's mailing address on the EEOC complaint. (Pl.'s Obj. to Mot. to Dismiss ("Pl.'s Obj.") at 3, Ex. 4 at 1, May 11, 2017, Docket No. 21.) Williams's attorney does not know if she ever received the letter in the mail. (*Id.*) Williams and her attorney acknowledge that they received a copy of the letter on November 4, 2016. (*Id.*) The letter was emailed to Williams's attorney by the EEOC investigator "along with [Williams's] entire file under the Freedom of Information Act." (Pl.'s Obj. at 1.)

On December 2, 2016, Williams filed a state-court complaint against On-Belay, asserting that she was terminated for being Christian in violation of the Civil Rights Act and the Minnesota Human Rights Act. (Compl. ¶ 14.)

On December 19, 2016, the Minnesota Department of Human Rights ("MDHR") issued a separate right-to-sue letter stating that it had also processed Williams's complaint under a work-sharing agreement and had adopted the EEOC's dismissal. (Pl.'s Obj. at 1, Ex. 2 at 1.) The MDHR letter was postmarked December 20. (Pl.'s Obj. at 1, Ex. 3 at 1.) Under the MHRA, "receipt of notice is presumed to be five days from the date of service by mail of the written notice." Minn. Stat. § 363A.33 subd. 1.

On February 23, 2016, On-Belay removed this case to federal court. (Notice of Removal, Feb. 23, 2017, Docket No. 1.) On April 21, 2017, On-Belay moved to dismiss the case. (Mot. to Dismiss, Apr. 21, 2017, Docket No. 13.)

## III. ATTEMPTS AT SERVICE

A Minnesota action commences only upon adequate service of process to the defendant, not when a complaint is filed. Minn. R. Civ. P. 3.01(a). Williams's attorney, Jennie Brown, attempted to serve On-Belay four different ways.

First, Brown unsuccessfully attempted to personally serve an officer or managing agent of On-Belay at its registered office address.[1] Brown also attempted service at locations in Woodbury and Stillwater. Williams does not state precisely when these attempts were made, but imply it was before February 7. (Pl.'s. Obj. at 2.)

---

[1] The registered office address on file with the Secretary of State is 115 Forestview Lane, Plymouth, MN 55441. (Pl.'s Obj. at 3, Ex. 10a at 1.) Brown stated by affidavit that she attempted service at 1115 Forestview Road in Plymouth. (Pl.'s Obj. at 3, Ex. 12 at 1.) Williams's brief, however, states that Brown visited the correct address. (Pl.'s Obj. at 2.) And Brown stated at the motion hearing that she visited Forestview Lane.

Second, Brown unsuccessfully attempted substituted service of On-Belay's Chief Executive Officer, Jon Benson, at an address in Key Largo, Florida. (Pl's Obj. at 2–3, Ex. 12 at 1.) Williams mailed a summons and complaint to the Sheriff of Monroe County on January 6, 2017. (Pl.'s Obj. at 2, Ex. 6 at 1.) The deputy county sheriff attempted service three times, making a third and final attempt on January 18. (Pl's Obj. at 2–3, Ex. 7 at 1.) Williams does not explain the source of the Florida address.

Third, Brown attempted personal service at On-Belay's Eden Prairie location. Brown believed that she "personally served" On-Belay on February 7, 2017, "by handing a copy" of the summons and complaint "to the Technical Manger named Holly [Beck], at Defendant's place of business" in Eden Prairie. (Pl's Obj. at 2, Ex. 5 at 1.) Williams alleges that Brown asked Beck if she could accept service, and Beck said she could. (Pl.'s Obj. at 2.) According to Brown, Williams accompanied her to the Eden Prairie location, "where we found the technical manager, Holly Beck who told me she would accept service and I left the summons and complaint with Ms. Beck." (Pl.'s Obj. at 3, Ex. 12 at 1.) Beck, who states that she is a chemical dependency technician, tells a different story: "On February 7, 2017, I was working at the On-Belay House in Eden Prairie, Minnesota when a woman accompanied by a young child walked in, handed me some papers, stated 'you are being sued,' and walked out." (Decl. of Holly Beck ("Beck Decl.") ¶¶ 2-3, Apr. 21, 2017, Docket No. 16.) According to Beck, the "individual did not ask whether I was authorized to accept service of process on On-Belay's behalf, and I did not represent that I was authorized" to do so. (*Id.* ¶ 4.) Beck says she is not so authorized. (*See id.* ¶ 5.) Brogger relates a similar story. (Brogger Decl. ¶¶ 4-6.)

Fourth and finally, "[b]ecause of the uncertainty of the service" on Beck, Brown attempted substituted service via the Minnesota Secretary of State. (Pl.'s Obj. at 3, Ex. 12 at 1.) The Secretary of State issued a receipt for payment for service on March 7 and issued a Service of Process Acknowledgement, which states that service was "filed" and "mailed" on March 8. (Pl.'s Obj. at 3, Exs. 9 at 1, 10 at 1.) That acknowledgement notes that the "Office of the Secretary of State does not determine or attempt to determine if your service of process is valid." (Pl.'s Obj. at 3, Ex. 10 at 1.)

## DISCUSSION

### I. STANDARD OF REVIEW

On-Belay's motion to dismiss for untimeliness falls under Federal Rule of Civil Procedure 12(b)(6), while the motion to dismiss for lack of personal jurisdiction due to insufficiency of service falls under Rule 12(b)(2) or 12(b)(5).

In reviewing a 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a claim for "relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although timing is not "wholly irrelevant to the plausibility analysis," in the Eighth Circuit, "arguments regarding timeliness concerns are

generally better left for assessment under statutes of limitations or the doctrine of laches." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012).

To survive a 12(b)(2) motion to dismiss, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to personal jurisdiction. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). For a 12(b)(2) motion relying on insufficiency of service, the standard is the same as for a 12(b)(5) motion: "'the action should not be dismissed for lack of [proper service] if the evidence, viewed in the light most favorable to [the plaintiff], is sufficient to support a conclusion that' service was proper." *Disability Support All. v. Billman*, No. CV 15-3649 (JRT/SER), 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (quoting *Creative Calling*, 799 F.3d at 979).

In addition to the pleadings, the Court may properly consider materials that are necessarily embraced by the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

## II. PERSONAL JURISDICTION

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Generally,

in removal cases where defendants have not been served or service has not been perfected prior to removal, "such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448; *Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 900 (8th Cir. 2015).

However, § 1448 may not be applied to "resurrect" a case that "would have been dismissed as time-barred had it remained in state court." *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998). When a removed case would have been dismissed with prejudice in state court due to the expiration of a statute of limitations, it should be dismissed with prejudice in federal court as well. *See Barner*, 796 F.3d at 902.

Here, the Court need not reach the issue of personal jurisdiction under Rule 12(b)(2) or sufficiency of process under Rule 12(b)(5) because Williams's federal claim will be dismissed with prejudice and her state-law claim remanded to state court.

### III. TIMELINESS

"[A] federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court, even [when] the cause of action arises from federal law." *Winkels v. George A. Hormel & Co.*, 874 F.2d 567, 570 (8th Cir. 1989).

In Minnesota, an action commences upon adequate service of process to the defendant, irrespective of when the complaint is filed. Minn. R. Civ. P. 3.01(a). An action may also commence upon personal delivery of the summons and complaint to the sheriff in the county where the defendant resides, if actual service occurs within 60 days.

Minn. R. Civ. P. 3.01(c); *Singelman v. St. Francis Med. Ctr.*, 777 N.W.2d 540, 542–43 (Minn. Ct. App. 2010) (holding that mailing service to the sheriff is insufficient).

Thus, n Minnesota, timeliness is tethered to adequacy of service. If service was not perfected prior to the expiration of the respective statutes of limitations for Williams's claims, they are time-barred.

### A. Federal Civil Rights Act

When the EEOC dismisses a timely-filed charge of discrimination under the Civil Rights Act, it issues a "right-to-sue" letter to the complaining party. The complaining party has 90 days after receipt to file suit. 42 U.S.C. § 2000e-5(f)(1).

In this case, Williams's EEOC complaint was timely filed on July 10, 2015. The EEOC dismissed the complaint and issued a right-to-sue letter on August 31, 2016. Although On-Belay received its courtesy copy of the letter on September 1, Williams states that she never received the letter in the mail because she listed her attorney's address as her mailing address. Williams acknowledges that she learned of the EEOC's decision no later than November 4, 2016. Even if the 90-day clock were to run from that date, it would expire on February 2, 2017.

Even considering all facts alleged in the complaint as true, the earliest Williams's action could have commenced was February 7, the date of her attempted service of Beck. Williams admits that the initial attempts at personal service were unsuccessful, and the attempt at substituted service via the Florida sheriff was insufficient under Minn. R. Civ. P. 3.01(c) because it was made by mail. *Singelman*, 777 N.W.2d at 542–43. Because her federal claim would be time-barred in state court, she may not resurrect it here.

Williams asked the Court to grant her leeway given the difficulty of serving On-Belay. Equitable tolling is a rarely-invoked remedy "reserved for circumstances truly beyond the control of the plaintiff, and should be applied where a party acts diligently, only to [be] caught up in an arcane procedural snare." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (internal quotations and citations omitted). Although Williams showed some diligence in attempting to serve On-Belay at its registered address and through substituted service in Florida, it cannot be said that circumstances here were truly beyond her control. Williams could have served On-Belay through the office of the Minnesota Secretary of State as soon as the initial in-person attempt was unsuccessful. Minn. Stat. § 5.25, subd. 1. And, because Williams was proceeding in forma pauperis, she could have asked the Hennepin County Sheriff to serve On-Belay free of charge. *Id.* § 563.01, subd. 4. In light of those missed opportunities, the extraordinary remedy of equitable tolling is not appropriate. Thus, On-Belay's motion to dismiss the federal Civil Rights Act claim will be granted.

### B. Minnesota Human Rights Act

Like the EEOC, when the MDHR dismisses a timely-filed charge of discrimination under the MHRA, it issues a "right-to-sue" letter to the complaining party. The complaining party then has 45 days to bring suit. Minn. Stat. § 363A.33 subd. 1. "Receipt of notice is presumed to be five days from the date of service by mail of the written notice." *Id.*

In this case, the EEOC shared Williams's timely-filed EEOC complaint with the MDHR as part of a work-sharing agreement. MDHR processed it and issued its letter of

dismissal on December 19, 2016, postmarking it on December 20, 2016. Williams assumed that notice was received three days later, and stated that, "[i]n accordance with the Minnesota Department of Human Rights, Plaintiff had until February 6, 2017 to file her suit." (Pl.'s Obj. at 2, 4.) But Williams is entitled by law to assume five days, not three. Minn. Stat. § 363A.33 subd. 1. Thus, the 45-day clock on her state claim actually ran through February 8, 2017.

The parties dispute whether Williams's service of Beck on February 7 was adequate. Viewing the evidence in the light most favorable to the plaintiff, it is possible to infer that Beck was authorized to receive service in Minnesota. The answer to the question whether that inference is reasonable would determine whether Williams's state-law claim must also be dismissed as time-barred. And that question is one of state law.

A federal district court has discretion to decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). That includes discretion to remand a removed case involving a pendent state-law claim if it "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."[2] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "[A] remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has

---

[2] *See also Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006) (noting authority to remand state-law claims sua sponte); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599-600 (8th Cir. 2002) (finding discretionary remand of a removed case to be proper).

determined that it should relinquish jurisdiction over the case." *Id.* at 351–52. So it is here. The Court will decline to exercise supplemental jurisdiction over Williams's state-law claim and remand it to state court.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. On-Belay's Motion to Dismiss [Docket No. 13] be **GRANTED in part** and **DENIED in part** as follows:

    a. The motion is **GRANTED** as to Williams's federal law claim, which is dismissed with prejudice; and

    b. The motion is **DENIED** as to Williams's state-law claim.

2. The matter is **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, County of Hennepin.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 31, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                         Chief Judge
                                       United States District Court